**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

VITONAKIA KHALEF KNIGHTON,

PLAINTIFF

-vs- Case No.

HON.

CITY OF DETROIT,
a municipal corporation,
DETROIT POLICE DEPARTMENT OFFICER JASON LORD;
and DETROIT POLICE DEPARTMENT OFFICER CESAR QUINONEZ,
Individually, and in their official capacities,
Jointly and Severally,

Defendants JURY TRIAL DEMANDED

Marcel S. Benavides, P 69562
Attorney for PLAINTIFF
801 W. Eleven Mile Road, Suite 130
Royal Oak, MI 48067
Tel: (248) 549-8555
Email: benavideslaw@att.net

**COMPLAINT AND JURY DEMAND**

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.

**NOW COMES** the PLAINTIFF, Vitonakia Khalef Knighton, by and through one of his attorneys, **MARCEL S. BENAVIDES**, and for his complaint against City of Detroit ("DEFENDANT CITY OF DETROIT"), City of Detroit

Police Officer JASON LORD ("DEFENDANT OFFICER LORD") and City of Detroit Police Officer CESAR QUINONEZ ("DEFENDANT OFFICER QUINONEZ"), all law enforcement officers collectively referred to as ("DEFENDANT OFFICERS"), state as follows:

**JURISDICTION & VENUE**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of PLAINTIFF's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3. Venue is proper under 28 U.S.C. § 1391 (b) as the events giving rise to the claims asserted in this complaint occurred within this District.

**PARTIES**

4. PLAINTIFF is a resident of the County of Wayne, State of Michigan.

5. That DEFENDANT CITY OF DETROIT is a municipal corporation located in the County of Wayne, State of Michigan.

6. DEFENDANT OFFICER LORD and DEFENDANT OFFICER QUINONEZ were at all relevant times, Detroit Police Department Officers, agents and/or employed by DEFENDANT CITY OF DETROIT, and acting under color of law and within the scope of their employment.

7. That DEFENDANT CITY OF DETROIT is liable under state and/or federal law for all injuries proximately caused by the intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and/or omissions committed pursuant to customs, policies, usage and/or practices which deprive citizens of their rights, privileges and/or immunities secured by the Constitutions and laws of the United States and/or of the State of Michigan.

**FACTS**

8. On or about December 9, 2017, during the evening hours, PLAINTIFF, Vitonakia Khalef Knighton, was lawfully walking into his home located at 8195 Cloverlawn, City of Detroit, County of Wayne, State of Michigan.

9. PLAINTIFF was standing on or about the steps of his front porch, about to unlock his front door, when DEFENDANT OFFICER LORD and DEFENDANT OFFICER QUINONEZ exited their police vehicle to presumably investigate if PLAINTIFF had been driving too fast in the snow. However, this speeding investigation was a ruse as the DEFENDANT OFFICERS pretextually believed PLAINTIFF was involved in illegal drug activity.

10. Both DEFENDANT OFFICERS had their guns drawn and pointed at PLAINTIFF. DEFENDANT OFFICER LORD screamed “Freeze!’ at PLAINTIFF. PLAINTIFF complied with DEFENDANT OFFICER LORD’S command and inquired why he was being detained.

11. PLAINTIFF observed both DEFENDANT OFFICERS' guns pointed at him. PLAINTIFF felt terrified seeing both guns aimed at his head. PLAINTIFF asked what the officers wanted of him and why the officers had their guns out. PLAINTIFF called out for help to his fiancé, who was inside the home.

12. DEFENDANT OFFICERS approached PLAINTIFF, and used unreasonable force grabbing PLAINTIFF by his arms and violently seizing PLAINTIFF from his porch. PLAINTIFF continued to ask DEFENDANT OFFICERS why they were grabbing him and what they wanted of him as the officers grabbed his arms to throw him on the ground.

13. DEFENDANT OFFICER LORD then punched PLAINTIFF in the right side of his face with such excessive force that a portion of PLAINTIFF'S tooth broke off. DEFENDANT OFFICER QUINONEZ was holding down PLAINTIFF when DEFENDANT OFFICER LORD struck PLAINTIFF'S face with his fists.

14. DEFENDANT OFFICER LORD pointed his gun at PLAINTIFF'S head and stated that he was going to shoot PLAINTIFF as they moved PLAINTIFF to the police car.

15. DEFENDANT OFFICER LORD threw PLAINTIFF into the metal door of a vehicle in an aggressive manner, causing injury to PLAINTIFF'S face, shoulder, and hip.

16. During the course of all of PLAINTIFF'S interactions with DEFENDANT OFFICERS, PLAINTIFF was not disobeying any commands of the officers, and not resisting, opposing or committing any type of assault and/or battery upon DEFENDANT OFFICERS.

17. Due to the unlawful beating by DEFENDANT OFFICERS, PLAINTIFF experienced significant pain and injury to his shoulder, hip, face, and back. Several years ago, PLAINTIFF was involved in a car accident and as a result, has a metal rod in his hip. DEFENDANT OFFICER LORD severely aggravated this hip injury when slamming PLAINTIFF into the side of the vehicle.

18. At all relevant times during the assault, PLAINTIFF fully complied with DEFENDANT OFFICERS' commands.

19. At no point did PLAINTIFF assault, batter, resist, oppose, or not follow any command of any law enforcement officer.

20. DEFENDANT OFFICERS used excessive force on PLAINTIFF.

21. On January 8, 2018, a judicial finding was made in the 36th District Court that the arrest of PLAINTIFF was unlawful, without probable cause, and the case was dismissed.

22. PLAINTIFF suffered and continues to suffer severe physical pain and mental distress from the physical trauma due to the excessive force from the DEFENDANT OFFICERS' actions and failure to intervene.

## COUNT I: §1983 EXCESSIVE FORCE

23. PLAINTIFF re-alleges all of the preceding paragraphs and incorporates them in this count.

24. As more fully described in the preceding paragraphs, the intentional conduct of DEFENDANT OFFICERS toward PLAINTIFF was objectively unreasonable and constituted excessive force in violation of the Fourth Amendment to the United States Constitution.

25. Police officers have an obligation to protect citizens from constitutional violations by other fellow officers and any other individual that a fellow officer directs to violate a constitutional right. Therefore, an officer who witnesses other officers violating an individual's constitutional rights is liable to the victim for failing to intervene.

26. Upon information and belief, DEFENDANT OFFICERS were aware of the misconduct of their fellow officer(s) with respect to PLAINTIFF, had a reasonable opportunity to intervene to prevent it, but failed to do so.

27. DEFENDANT OFFICER QUINONEZ had a duty to intervene when witnessing PLAINTIFF being unlawfully assaulted by DEFENDANT OFFICER LORD. DEFENDANT OFFICER QUINONEZ either partook in the unlawful assault and/or failed to intervene in order to protect Plaintiff from the violation of his civil rights.

28. DEFENDANT OFFICER LORD had a duty to intervene when witnessing Plaintiff being unlawfully assaulted by DEFENDANT OFFICER QUINONEZ. DEFENDANT OFFICER LORD either partook in the unlawful assault and/or failed to intervene in order to protect Plaintiff from the violation of his civil rights.

29. As a direct and proximate result of DEFENDANT OFFICERS' use of excessive force, PLAINTIFF suffered pain and injuries not limited to emotional injuries, all past, present and future as well as loss of enjoyment of life, humiliation, degradation as described in preceding paragraphs and which will be proven at trial.

WHEREFORE, PLAINTIFF prays for judgment against Defendants, and each of them, in their individual capacities, in whatever amount the PLAINTIFF is found to be entitled, in excess of Seventy Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interest, attorney fees, as well as substantial punitive and exemplary damages, together with such other relief that this Honorable Court deems just.

## **COUNT II: STATE LAW ASSAULT AND BATTERY**

30. PLAINTIFF re-alleges all of the preceding paragraphs and incorporates them into this count.

31. DEFENDANT OFFICERS, while acting within the scope of their employment, did threaten and/or cause PLAINTIFF to be threatened with involuntary, unnecessary, and excessive physical contact, namely the touching of PLAINTIFF and/or threatening of harm to PLAINTIFF as described above and said acts constituting assault and battery upon his person.

32. Said physical contact and/or threat of contact was unnecessary and excessive; furthermore, said physical contact on PLAINTIFF was without legal justification.

33. As a direct and proximate result of DEFENDANT OFFICERS' aforementioned assault and/or battery upon PLAINTIFF and/or the failure to stop the unnecessary threat and/or use of force, PLAINTIFF suffered pain and injuries not limited to emotional injuries, all past, present and future as well as loss of enjoyment of life, humiliation, degradation as described in preceding paragraphs and which will be proven at trial.

WHEREFORE, PLAINTIFF prays for judgment against Defendants, and each of them, in their individual capacities, in whatever amount the PLAINTIFF is found to be entitled, in excess of Seventy Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interest, attorney fees, as well as substantial punitive and exemplary damages, together with such other relief that this Honorable Court deems just.

**COUNT III: §1983 MUNICIPAL/SUPERVISORY LIABILITY: DEFENDANT CITY OF DETROIT**

34. PLAINTIFF hereby alleges and incorporates by reference paragraphs as stated above as if fully restated here.

35. DEFENDANT CITY OF DETROIT acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs, policies, and/or practices that resulted in violations to PLAINTIFF.

36. These customs, policies, and/or practices included but were not limited to the following:

a. Failing to supervise officers to prevent violations of citizens' constitutional rights;

b. Failing to adequately train and/or supervise officers regarding the proper use of force;

c. Failing to adequately train and/or supervise officers regarding legal search and/or seizures;

d. Failing to control and/or discipline officers known to harass, intimidate, and/or abuse citizens;

e. Failing to supervise, review, and/or discipline officers whom DEFENDANT CITY OF DETROIT knew or should have known were violating or were prone to violate citizens' constitutional rights,

thereby permitting and/or encouraging its police officers to engage in such conduct;

 f. Failing to require compliance of its officers and/or employees with established policies and/or procedures and/or rules and discipline or reprimand officers who violate these established policies;

37. PLAINTIFF'S injuries in this case were proximately caused by policies and practices of DEFENDANT CITY OF DETROIT, which by its deliberate indifference, allows its police officers to violate the constitutional rights of citizens without fear of any meaningful investigation or punishment. In this way, DEFENDANT CITY OF DETROIT violated PLAINTIFF'S rights since it created the opportunity for the individually named DEFENDANTS to commit the foregoing constitutional violations.

38. The misconduct described in preceding paragraphs has become a widespread practice, and so well settled as to constitute *de facto* policy in the CITY OF DETROIT Police Department. This policy was able to exist and thrive because governmental policymakers have exhibited deliberate indifference to the problem, thereby ratifying it.

39. The widespread practice described in preceding paragraphs was allowed to flourish because DEFENDANT CITY OF DETROIT has declined to

implement sufficient hiring, training and/or legitimate and/or effective mechanisms for oversight and/or punishment of police officer misconduct.

40. The policies and practices of DEFENDANT CITY OF DETROIT directly and proximately led to the injuries PLAINTIFF suffered at the hands of DEFENDANT OFFICERS.

41. As a direct and proximate result of said Constitutional violations, PLAINTIFF suffered loss of freedom, mental anguish, pain and suffering, loss of wages, loss of enjoyment of life, humiliation, degradation and emotional injuries, all past, present and future.

WHEREFORE, PLAINTIFF prays for judgment against DEFENDANT CITY OF DETROIT, in whatever amount the PLAINTIFF is found to be entitled, in excess of Seventy Five Thousand ($75,000.00) Dollars, and to award costs, interest, attorney fees, as well as substantial punitive and exemplary damages, together with such other relief that this Honorable Court deems just.

Respectfully submitted,

By: /s/ Marcel S. Benavides
Marcel S. Benavides, P69562
Attorney for PLAINTIFF
801 W. Eleven Mile Road
Suite 130
Royal Oak, MI 48067
(248) 549-8555
benavideslaw@att.net

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

VITONAKIA KHALEF KNIGHTON,

PLAINTIFF

-vs- Case No.

HON.

CITY OF DETROIT,
a municipal corporation,
DETROIT POLICE DEPARTMENT OFFICER JASON LORD;
and DETROIT POLICE DEPARTMENT OFFICER CESAR QUINONEZ,
Individually, and in their official capacities,
Jointly and Severally,

Defendants JURY TRIAL DEMANDED

---

Marcel S. Benavides, P 69562
Attorney for PLAINTIFF
801 W. Eleven Mile Road, Suite 130
Royal Oak, MI 48067
Tel: (248) 549-8555
Email: benavideslaw@att.net

---

**PLAINTIFF DEMANDS A TRIAL BY JURY**

**NOW COMES** the PLAINTIFF, VITONAKIA KHALEF KNIGHTON, by and through his attorney, Marcel S. Benavides, and demands a trial by jury in this matter.

Respectfully submitted,

By: /s/ Marcel S. Benavides

Marcel S. Benavides, P69562
Attorney for PLAINTIFF
801 W. Eleven Mile Road
Suite 130
Royal Oak, MI 48067
(248) 549-8555
benavideslaw@att.net